UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:10-cv-567-RJC
(3:08-cr-217-RJC-1)

| | |
|---|---|
| DONALD RUSSELL SANDERS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** comes before the Court upon Petitioner's Motion to Vacate and Memorandum, pursuant to 28 U.S.C. § 2255, (Doc. Nos. 1, 2), and the Government's Response and Motion for Summary Judgment (Doc. Nos. 5, 6).[1] For the reasons that follow, the Government's motion will be granted, and Petitioner's § 2255 motion will be denied and dismissed.

I.  BACKGROUND

Petitioner was charged with possession of a firearm as a felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e) (Count 1); possession with intent to distribute marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(D) (Count 2); and possession of a firearm during and in relation to a drug trafficking crime, in violation 18 U.S.C. § 924(c) (Count 3). (Case No. 3:08-cr-217, Doc. 3: Indictment). Petitioner entered into a written plea agreement with the Government to plead guilty to Counts 1 and 2 in exchange for dismissal of Count 3. (Id., Doc. No. 15 at 1).

---

[1] The Court issued notice to Petitioner in accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), (Doc. No. 7), but he did not file a response to the Government's motion.

1

The agreement recited that Petitioner could face fifteen years to life imprisonment if he qualified under 18 U.S.C. § 924(e) as alleged in the indictment. (Id. at 2).

Petitioner entered his plea before a magistrate judge and testified under oath that he understood the nature of the offenses and the potential penalties upon conviction.[2] In particular, the Government summarized important terms of the written plea agreement, including Petitioner's awareness of mandatory minimum term of fifteen years' imprisonment if he qualified as an armed career criminal, pursuant to § 924(e) and USSG §4B1.4. Petitioner affirmed that his plea was voluntary and not the result of any coercion, threats, or promises in any way and that his attorney "did a great job." At the conclusion of the hearing, the magistrate judge accepted Petitioner's guilty plea as knowingly and voluntarily entered. (Case No. 3:08-cr-217, Doc. No. 16: Acceptance and Entry of Guilty Plea at 5).

At Petitioner's sentencing hearing, the Court overruled his objections to the presentence report (PSR), except to correct the dates he spent in state custody, (Id., Doc. No. 25: Statement of Reasons at 1), and sentenced him to the low end of the advisory guideline range of 188 months on Count 1 and 60 concurrent months on Count 2, (Id., Doc. 25: Judgment at 2). Petitioner did not appeal, but filed this timely motion under § 2255 alleging that counsel was ineffective for failing to file a motion to suppress and to challenge a defect in the indictment.

II. STANDARD OF REVIEW

A. Section 2255 Proceeding

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to examine motions to vacate, along with "any attached exhibits and the

---

[2] The hearing was not transcribed, but the Court has reviewed an audio recording of the proceedings.

record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. The Court has considered the record in this matter and applicable authority and concludes that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

  B. Summary Judgment

Summary judgment is appropriate in cases where there is no genuine dispute as to a material fact and it appears that the moving party is entitled to judgment as a matter of law. United States v. Lee, 943 F.2d 366, 368 (4th Cir. 1991) (applying summary judgment to a motion to vacate). Any permissible inferences which are drawn from the underlying facts must be viewed in the light most favorable to the non-moving party. Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986). However, when the record taken as a whole could not lead a trier of fact to find for the non-moving party, granting summary judgment is appropriate. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986).

III. DISCUSSION

The Sixth Amendment guarantees that in all criminal prosecutions, the accused has the right to the assistance of counsel for his defense. U.S. Const. amend. VI. In order to prevail on a claim of ineffective assistance of counsel, a petitioner must show that: (1) "counsel's representation fell below an objective standard of reasonableness," and (2) "the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687-88 (1984). In measuring counsel's performance, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. A petitioner seeking post-conviction relief bears a "heavy burden" to overcome this presumption. Carpenter v. United

States, 720 F.2d 546, 548 (8th Cir. 1983). Conclusory allegations do not overcome the presumption of competency. Id.

To demonstrate prejudice in the context of a guilty plea, Petitioner must still satisfy the standard set forth in Strickland. In regard to the second prong, Petitioner must demonstrate that he was prejudiced by ineffective assistance of counsel by showing "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985). To establish deficient performance and prejudice in the context of a failure to file a motion to suppress, a petitioner must demonstrate that such a motion would have been successful. United States v. Madewell, 917 F.2d 301, 304 (7th Cir. 1990) (holding that there was no ineffective assistance of counsel because any motion to suppress was unlikely to prevail).

Under these circumstances, Petitioner "bears the burden of proving Strickland prejudice." Fields v. Attorney Gen. of Md., 956 F.2d 1290, 1297 (4th Cir. 1992) (citing Hutchins v. Garrison, 724 F.2d 1425, 1430-31 (4th Cir. 1983)). If Petitioner fails to meet this burden, "a reviewing court need not consider the performance prong." Fields, 956 F.2d at 1297 (citing Strickland, 466 U.S. at 697). In considering the prejudice prong of the analysis, the Court must not grant relief solely because Petitioner can show that, but for counsel's performance, the outcome of the proceeding would have been different. See Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998). Rather, the Court "can only grant relief under the second prong of Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Id. (quoting Lockhart v. Fretwell, 506 U.S. 364, 369 (1993)).

A. Motion to Suppress

Petitioner claims counsel was ineffective for failing to file a motion to suppress the evidence seized by police and the statements he made following his arrest. (Doc. No. 2: Memorandum at 2). According to Petitioner's PSR,[3] on November 3, 2007, officers from the Charlotte-Mecklenburg Police Department (CMPD) responded to a call regarding the presence of a suspicious vehicle on Marlowe Avenue. As they approached the location, they observed truck matching the citizen's description pull into a parking lot nearby. The truck's tail light was broken and the license plate was barely legible. Before the officers could initiate a traffic stop, the driver, later identified as Petitioner, stopped and exited the vehicle, but then quickly placed something back into the vehicle.

The officers approached Petitioner, and he confirmed just leaving Marlowe Avenue. Petitioner appeared nervous and repeatedly glanced back in the direction of the truck. One of the officers approached the truck and smelled a strong odor of marijuana coming from inside the cab. The officers searched the cab and found a crack pipe, a bag containing marijuana, and a cocked .45 caliber semiautomatic handgun, in addition to a small amount of cocaine and more crack pipes. The officers arrested Petitioner and took him to police headquarters. Petitioner admitted buying the marijuana but stated his cousin's friend had left the gun on the seat of the truck.

Petitioner is not entitled to relief on this claim because he has not demonstrated that a motion to suppress would have been successful if filed by counsel. The record shows that even if Petitioner had not stopped the truck on his own, the officers would have been justified in stopping it to investigate the traffic infractions they observed. Whren v. United States, 517 U.S.

---

[3] Petitioner did not object to factual information about the offense conduct in the PSR. (Case No. 3:08-cr-217, Doc. No. 22: PSR at 32-35).

806, 810 (1996) (providing that probable cause to believe a traffic violation has occurred supports a decision to stop a vehicle). They were also justified in searching the truck based on Petitioner's furtive and nervous conduct coupled with odor of marijuana emanating from the cab. United States v. Scheetz, 293 F.3d 175, 184 (4th Cir. 2002) (once a vehicle is properly stopped, the officers are free to conduct a search of the vehicle upon smelling the odor of marijuana). Therefore, the record clearly shows his counsel was not deficient in declining to pursue a meritless motion to suppress.

      B.      Defective Indictment

Petitioner argues counsel was ineffective for misleading him that if he did not plead guilty, that he would be subject to a minimum of thirty years' imprisonment and for failing to challenge a confusing reference to 18 U.S.C. § 924(e) in the indictment.[4] (Doc. No. 2 at 9-10).

As detailed above, the magistrate judge clearly explained the possibility that § 924(e) would result in a fifteen year mandatory minimum sentence if Petitioner qualified as an armed career criminal. Petitioner then acknowledged that he understood that information. Additionally, the plea agreement recited that no one, including counsel, had promised him a particular sentence and that any estimate was only a prediction rather than a promise. Thus, Petitioner's sworn statements preclude his present challenge because the record clearly shows that he was properly informed and aware of the potential penalties he faced. United States v. Lemaster, 403 F.3d 216, 221 (4th Cir. 2005) ("Thus, in the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court

---

[4] Petitioner also claims counsel was ineffective for failing to challenge the indictment as defective for failing to include the serial number of the firearm at issue. The description of a firearm allegedly possessed is not an element of a § 922(g) offense. United States v. Reed, 161 F.3d 793, 796 (4th Cir. 1998). Therefore, counsel was not ineffective for failing to raise this meritless issue.

6

should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements. Otherwise, the primary virtue of Rule 11 colloquies would be eliminated . . .") (citing <u>Blackledge v. Allison</u>, 431 U.S. 63, 79 n.19 (1977)); <u>United States v. Lambey</u>, 974 F.2d 1389, 1395 (4th Cir. 1992) (en banc) ("[I]f the information given by the court at the Rule 11 hearing corrects or clarifies the earlier [allegedly] erroneous information given by the defendant's attorney and the defendant admits to understanding the court's advice, the criminal justice system must be able to rely on the subsequent dialogue between the court and the defendant.").

IV. CONCLUSION

After reviewing the entire record in the light most favorable to Petitioner, the Court finds no genuine issues of material fact such that a rational trier of fact could find that Petitioner is entitled to relief on any of his claims.

**IT IS, THEREFORE, ORDERED** that:

1. The Government's Motion for Summary Judgment, (Doc. No. 6), is **GRANTED**;

2. Petitioner's Motion to Vacate, (Doc. No. 1), is **DENIED** and **DISMISSED**; and

3. Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong). <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling

is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

Signed: March 27, 2014

Robert J. Conrad, Jr.
United States District Judge